UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW VAIL,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK, *et al.*,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/30/2020

18-CV-11822 (VEC) (SLC)

ORDER ADOPTING REPORT AND
RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

    Plaintiff Andrew Vail, acting *pro se*, alleges in his Third Amended Complaint (TAC) that the City of New York, the Department of Corrections, and several corrections officers violated his constitutional rights by failing to repair a toilet leak in his cell on Rikers Island for approximately one week. TAC (Dkt. 37) ¶¶ 13–21. The leaky toilet, in turn, attracted insects that bit him, resulting in him requiring medical attention. Generously construing Plaintiff's submissions, Magistrate Judge Sarah Cave, to whom this action was referred, viewed the TAC as asserting two claims under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution: (i) deliberate indifference to Mr. Vail's conditions of confinement in that Defendants failed to repair the leak, and (ii) deliberate indifference to his medical needs in that they failed to render prompt medical care after he suffered insect bites. Report and Recommendation (R&R) (Dkt. 48) at 12. Judge Cave then recommended that Plaintiff's case be dismissed. *Id.* at 22. For the following reasons, the Court adopts the recommendation to dismiss Plaintiff's federal claims with prejudice and the recommendation to decline supplemental jurisdiction over Plaintiff's state law claims.

    In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1).  When, as here, no party objects to the Magistrate Judge's report and recommendation the court may accept the report and recommendation provided that "there is no clear error on the face of the record."  *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note.  An error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed."  *See Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002).

After careful review, the Court agrees with the recommendation that the action be dismissed in its entirety.  First, Judge Cave recommends that Mr. Vail's conditions-of-confinement claim be dismissed because the alleged delay of approximately one week in processing a work order, standing alone, does not evince the level of subjective intent needed to state a deliberate indifference claim.  *See* R&R at 16–17.  Similarly, the R&R concludes that Mr. Vail failed to state a claim for failure to render medical assistance because his injury was not critical, and he received treatment within a day of asking for it.  *Id.* at 18–19.  Judge Cave also recommends that claims against the City defendants be dismissed because Vail failed to allege a custom or policy that gave rise to a constitutional violation, which is a prerequisite for municipal liability.  *Id.* at 20–21.  Finally, having disposed of Plaintiff's federal claims, Judge Cave recommends declining jurisdiction over his state law claims and denying leave to amend because Plaintiff has already submitted four pleadings in this action.  *Id.* at 21–22.  Those conclusions are consistent with precedent and are not clearly erroneous.

The Court therefore adopts the R&R insofar as Plaintiff's federal claims are dismissed with prejudice for failure to state a claim, and his state law claims are dismissed without

2

prejudice[1] because the Court declines to exercise supplemental jurisdiction.  Because the R&R gave the parties adequate warning, *see* R&R at 23, Plaintiff's failure to file any objections to the R&R precludes appellate review of this decision.  *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").  Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to terminate all pending deadlines and motions and close the case.  A copy of this Order has been mailed to Mr. Vail by chambers staff.

**SO ORDERED.**

**June 30, 2020**  
**New York, New York**

**VALERIE CAPRONI**  
**United States District Judge**

---

[1]  The R&R recommends dismissal of Plaintiff's state law claims "with prejudice," R&R at 22, but claims must be dismissed without prejudice when jurisdiction is declined.  *See Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 103 (2d Cir. 1998) ("[T]he district court was correct not only in dismissing the state law causes of action, but also in dismissing them without prejudice.").